UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Esther Linkenberg,<br>individually and on behalf of all others similarly situated,<br>Plaintiff(s)<br>-v.-<br>SIMM Associates, Inc. a/k/a SIMM Associates of Delaware;<br>Defendant(s). | Case No: 7:22-cv-8084<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Esther Linkenberg ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against SIMM Associates, Inc. a/k/a SIMM Associates of Delaware ("SIMM" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act found that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

1

protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, county of Rockland.

8. Defendant SIMM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal place of business and an address for service at 800 Pencader Drive, Newark, Delaware 19702.

9. Upon information and belief, Defendant SIMM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of all individuals:

   a. with addresses in the State of New York;

   b. to whom the Defendant SIMM sent a letter;

   c. attempting to collect a consumer debt;

   d. wherein the letter sets forth that the loan origination took place after the charge off date;

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. § 1692e.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class

defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. § 1692e.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

      e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth herein.

20. Some time prior to January 26, 2022, Plaintiff allegedly incurred an obligation to the non-party creditor, HSBC Bank USA NA ("HSBC").

21. The obligation arose out of a transaction involving a debt in which money, property, insurance or services, which are the subject of the transaction(s), were incurred solely for personal purposes.

22. The alleged HSBC obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. HSBC is the "creditor" as defined by 15 U.S.C. § 1692a (4).

24. Upon information and belief, HSBC hired SIMM to collect the alleged debt.

25. SIMM collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – January 26, 2022 Collection Letter*

26. On or about January 26, 2022, Defendant SIMM sent the Plaintiff a collection letter, a copy of which is attached as Exhibit A (the "Letter").

27. The collection Letter inexplicably sets forth that the loan origination took place after the charge off date.

28. Specifically, the Letter lists the charge off date as January 6, 2020 and the origination date as January 21, 2020.

29. Plaintiff was confused as to whether the Letter was from a legitimate creditor, or fraudulent wrongdoer hoping to induce erroneous payment.

30. The inexplicable dates caused the Plaintiff to fear that the Letter was a scam.

31. Plaintiff cannot pay the alleged debt, trusting the Defendant, when it appears that the information stated in the Defendant's Letter is incorrect.

32. The Plaintiff is also unable to ascertain specific information such as if this debt is past the statute of limitations for a lawsuit to occur, when the dates listed in the Letter make no sense.

33. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

34. Because of this, Plaintiff expended time and money in determining the proper course of action.

35. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

36. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of further financial and reputational harm in the form of negative collection informational furnishment to credit bureaus, and ultimately, dissemination to third parties.

37. Plaintiff's failure to pay the debt arose from the collection Letter itself because the Plaintiff believes it was an attempt to fraudulently collect monies.

38. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Plaintiff to suffer a financial detriment in the form of a lost opportunity for a discounted settlement.

39. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Plaintiff to suffer reputational and financial harm in the form of negative collection informational furnishment and dissemination to third parties.

40. In addition, Plaintiff suffered emotional and physical harm because of the Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

41. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

42. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

43. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

44. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

45. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

46. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

47. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

48. Plaintiff was confused and misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

49. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

50. Plaintiff repeats the above allegations as if set forth herein.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

52. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. Defendant violated said section, inter alia, by:

   a. Falsely representing the character, amount, or legal status of the debt in violation of § 1692e (2);

   b. Using a false representation or deceptive means to collect or attempt to collect a debt in violation of § 1692e (10);

54. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

55. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Esther Linkenberg, individually and on behalf of all others similarly situated, demands judgment from Defendant SIMM as follows:

   a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert T. Yusko, Esq., as Class Counsel;

   b) Awarding the Plaintiff and the Class statutory damages;

   c) Awarding the Plaintiff and the Class actual damages;

   d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

   e) Awarding pre-judgment interest and post-judgment interest; and

   f) Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 21, 2022 Respectfully submitted,

**Stein Saks PLLC**
/s/ Robert T. Yusko
By:  Robert T. Yusko, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Phone: (201) 282-6500
ryusko@SteinSaksLegal.com
*Attorneys for Plaintiff*